WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Lynn Michael,<br><br>    Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>    Defendant. | No. CV-22-00254-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendant FCA US LLC's Motion to Stay Discovery. (Doc. 15.) Defendant filed the Motion on August 10, 2022. (*Id.*) Plaintiff Brittany Lynn Michael filed a Response on August 12, 2022. (Doc. 16.) For the following reasons, the Court will deny the Motion.

**I.   Background**

In 2021, David Pope died when the RAM 5500 chassis cab tow truck he was driving crashed into an embankment after Mr. Pope fell asleep at the wheel. (Doc 15 at 2.) Mr. Pope and Plaintiff were married at the time of his death. (Doc. 1 at 5.) On May 31, 2022, Plaintiff filed a three-count Complaint alleging (1) Defendant is strictly liable because of the defective and unreasonably dangerous design of the RAM 5500, (2) Defendant was negligent in its design of the RAM 5500, and (3) Mr. Pope's death was a direct result of Defendant's wrongful conduct. (*Id.* at 16–21.)

On July 27, 2022, Defendant filed a Motion for Summary Judgment arguing that Defendant was not negligent as a matter of law because, in Arizona, manufacturers do not

owe a duty to "produce a product incorporating only the ultimate in safety features" including Drowsy Driver Detection or LaneSense warning systems; it merely owed a duty to make a product that was reasonably safe for its intended use. (Doc. 10 at 2 (quoting *Morrow v. Trailmobile, Inc.*, 473 P.2d 780, 786 (Ariz. Ct. App. 1970)).) The RAM 5500 was reasonably safe according to Defendant. (*Id.* at 9–10.) Defendant argues that because the issue on summary judgment is purely a question of the applicable legal duty, no factual discovery is necessary to decide the pending motion. (Doc. 15 at 1.)

Therefore, Defendant asks this Court to stay all discovery until the Court decides the Motion for Summary Judgment. (*Id.*) Plaintiff served Defendant with her first set of discovery requests on August 1, 2022. (*Id.* at 2.) Defendant characterizes this request as "extremely broad." (*Id.*) The request included "each and every reason why FCA US LLC chose not to include" various safety features as well as "all studies, reports, memoranda, spreadsheets, analyses and/or the like with respect to the revenue and profit contribution per vehicle or otherwise where an option package including lane departure warning, lane tracing warning, or Lane Keep Assist is purchased with a 2021 model year RAM 5500." (*Id.* at 2–3.) Defendant urges the Court to exercise its discretion to manage discovery and conserve resources because Defendant's Motion for Summary Judgment, if granted, would dispose of all of Plaintiff's claims and no factual discovery is necessary to decide the motion. (*Id.* at 3–4.)

In response, Plaintiff argues that Defendant has not met its burden to warrant a stay of discovery because the Motion for Summary Judgment lacks merit. (Doc. 16.) Plaintiff agrees that the applicable legal duty is the duty to exercise reasonable care to make a product that is safe for its intended use. (*Id.* at 3–4.) However, the question is whether Defendant's failure to install certain premium safety features in the RAM 5500 breached this duty. (*Id.*) In other words, the "ultimate in safety features" is a disputed factual issue that is not appropriate for resolution on summary judgment and cannot support a discovery stay. (*Id.*)

///

## II. Standard of Review

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 26(c) (permitting courts to limit the scope of discovery upon a showing of good cause). If factual discovery will not effect a decision on the dispositive motion, it "furthers the goal of efficiency for the court and litigants" to stay discovery pending resolution of the motion. *See Little*, 863 F.2d at 685. However, "[a] pending dispositive motion is not generally 'a situation that in and of itself would warrant a stay of discovery.'" *DRK Photo v. McGraw-Hill Cos., Inc.*, No. CV 12–8093–PCT–PGR, 2012 WL 5936681, at *1 (D. Ariz. Nov. 27, 2012) (quoting *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555–56 (D. Nev. 1997)).

The party seeking the blanket stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)). Courts in this district have applied a two-part test to determine whether to grant a stay of discovery where there is a pending motion. *See id.* First, "the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought." *Id.* Second, "[t]he court must also determine whether the motion can be decided without additional discovery." *Id.*

Under this test, however, the Court must take a "preliminary peek" at the merits of the pending motion. *Id.* at *2 (quoting *Tradebay*, 278 F.R.D. at 601). Before the Court grants a stay of discovery, the party seeking the stay "must show that there is at least an 'immediate and clear possibility of success' on its motion for partial summary judgment." *Id.* (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10–cv–02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)). A motion for summary judgment should be granted when there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

## III. Discussion

A "preliminary peek" at Defendant's Motion for Summary Judgment indicates that Defendant has not shown an "immediate and clear possibility of success" on the merits,

although Plaintiff has yet to file her Response. Nor does the issue immediately appear to be a pure question of law for which factual discovery is irrelevant. If Defendant did not owe a duty, then Plaintiff does not have a negligence claim. However, both parties acknowledge that, at the very least, Defendant owes a duty to provide a reasonably safe vehicle. The Court observes, without deciding, that factual disputes may exist that make summary judgment inappropriate—for example, whether the RAM 5500 was reasonably safe without Drowsy Driver Detection or LaneSense, and whether the failure to install additional safety features breached the duty to provide a reasonably safe vehicle. Defendant not having shown an "immediate and clear possibility of success" on the merits of its Motion for Summary Judgment, the Court will not grant a blanket stay on discovery at this time.

**IT IS ORDERED** that Defendant's Motion to Stay Discovery is **DENIED**. (Doc. 15.)

Dated this 22nd day of August, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge